**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action 02-00026-KD-M** |
| | ) | |
| **WILLIAM MICHAEL LANFRANCHI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This action is before the Court on Defendant William Michael Lanfranchi's motion for appointment of counsel which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based upon extraordinary and compelling reasons (doc. 47) and the United States' response (doc. 50).  Upon consideration, and for the reasons set forth herein, the motion is dismissed without prejudice for failure to meet the statutory prerequisites, or in the alternative, denied for failure to show an extraordinary and compelling reason for a reduced sentence.

I. <u>Background</u>

In 2003, Lanfranchi pled guilty to transporting a minor in interstate commerce for immoral purposes, in violation of 18 U.S.C. § 2423(a) (doc. 28, plea agreement, doc. 39, transcript).  In January 2004, he was sentenced to a term of imprisonment of seventy-eight (78) months, to be followed by three (3) years of supervised release (doc. 32, judgment). His sentence was affirmed on appeal (doc. 42).  Lanfranchi had been brought before the Court from the Escambia County Jail in Pensacola, Florida on a writ of habeas corpus ad prosequendum (doc. 4). After the conclusion of his federal proceedings, he was returned to the State of Florida. Lanfranchi reports that he served twenty-five years in the Florida prison system.

Lanfranchi was released on May 30, 2023 (doc. 50-1) and began serving his federal sentence. His estimated release date is August 8, 2028.  He is now seventy-seven years old and incarcerated at Butner Medium II FCI, at Butner, North Carolina.  He has served approximately 20 months of his 78-month sentence.

II. <u>Motion for Compassionate Release/Sentence Reduction</u>

A. <u>Statutory prerequisite</u>

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Lanfranchi has not alleged that he either fully exhausted his administrative rights to appeal or made a request to the warden and more than 30 days have lapsed since the requests. For this reason, the Court may dismiss his motion without prejudice for failure to meet the statutory prerequisites.  (<u>See</u> doc. 50, response, p. 4-5).

B. <u>Analysis</u>

"A district court has no inherent authority to modify a defendant's sentence; it may do so 'only when authorized by a statute or rule.'" <u>United States v. Ratliff</u>, No. 24-10752, 2024 WL 4371658, at *3 (11th Cir. Oct. 2, 2024) (quoting <u>United States v. Puentes</u>, 803 F.3d 597, 605–06 (11th Cir. 2015); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Title 18 U.S.C. § 3582(c)(1)(A)(i) provides that "upon motion of the defendant after the

defendant" has met certain statutory prerequisites, see supra, ¶ A, a district court may "reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." Ratliff, 2024 WL 4371658, at *3 (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). The statute also requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Overall, "[i]f the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4372658 at *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021)).

    1. Extraordinary and compelling reason

"Extraordinary and compelling" reasons for a reduction of sentence are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023). United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021). Relevant here, the Policy Statement[1] provides as follows:

---

[1] The Policy Statement also includes the "Age of the Defendant" as a potential extraordinary and compelling reason. 18 U.S.S.G. § 1B1.13(b)(2). Specifically, when "The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Lanfranchi cannot meet the elements of this extraordinary

b) … Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: … (1) Medical Circumstances of the Defendant … (B) The defendant is (i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

18 U.S.S.G. § 1B1.13(b)(1)(B).[2]

In support of a finding of an extraordinary and compelling reason, Lanfranchi states that he has "degenerative heart disease, which effects [his] everyday life such as no pro-longed sitting" which makes him "unable to work" and requires medication "several times a day." (doc. 47, p. 1). He states that he takes nitroglycerin if he experiences a medical emergency. (Id.). Lanfranchi also states that he "had a major stroke in the past and since then, [he has] experienced memory loss such as confusion and uncertainty." (Id.). He also states that he "suffers from lower spinal degeneration which has affected [his] ability to walk, and at times has caused [him] to fall due to unbalance." (Id.). Lanfranchi reports taking eleven different medications daily. (Id., p. 2).

The United States argues that Lanfranchi's "medical records do not reflect that his physical health is deteriorating because of the aging process and that the decline substantially diminishes his ability to provide self-care in prison." (doc. 50, p. 5). The United States points out that even though a February 2024 clinical examination report indicated that Lanfranchi showed a "'marked limitation in activity due to symptoms, even during less-than-ordinary

and compelling reason, he has not served at least 10 years or 75 percent of his term of imprisonment.

[2] Subparagraphs A, C and D do not appear to apply. Lanfranchi does not argue that he has a terminal diagnosis, that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" or that any outbreak of disease or public health emergency exists at the correctional facility where he is housed. 18 U.S.S.G. § 1B1.13(b)(1).

activity e.g.[,] walking short distances[.]'", his March 2024 records indicated no further decline (Id.). Overall, the United States argues that Lanfranchi's medical records do not indicate an inability to perform activities of daily living  or an inability to provide self-care.

Lanfranchi's multiple medical conditions may fall within the parameters of Policy Statement U.S.S.G. § 1B1.13(b)(1)(B). However, Lanfranchi's medical records do not support a finding that his medical conditions substantially diminish his ability to provide self-care within the prison environment. In August of 2023, Lanfranchi used a cane, needed a cell on the first floor, needed a lower bunk, and had eyeglasses, but no work restrictions (doc. 52, p. 120-121 (Medical Duty Status).  More recently, in February 2024, the comments and notes of his health care providers confirm his medical conditions including heart disease and spinal arthritis and include Lanfranchi's report of shortness of breath walking short distances as a marked limitation in his activity.  The comments and notes from March 19, 2024, while Lanfranchi was in transit, did not indicate any subjective reports of shortness of breath or reports of limitations. On April 9, 2024, at his intake examination, the health care provider made note of Lanfranchi's health conditions and medications, but without comment regarding any limitation of activity.  As to his history of a stroke, the health care providers indicated that this history was self-reported.

Even if Lanfranchi exhausted the statutory prerequisites, his motion could have been denied for failure to establish an extraordinary and compelling reason for a reduced sentence. Additionally, since he has not established an extraordinary and compelling reason for a reduction of sentence, the Court need not consider whether the § 3553(a) sentencing factors weigh in favor a reduction or whether allowing a sentence reduction would not endanger any person or the community.  Ratliff, 2024 WL 4372658 at *3 ("[i]f the district court finds that a movant failed to

satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements.") (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021)).

    C. Request for appointment of counsel

    Lanfranchi does not have a constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'" United States v. Reese, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion). The Court finds that appointment of counsel is not necessary. Lanfranchi has shown the ability to effectively set forth the reasons for which he seeks compassionate release and otherwise prosecute this action. Additionally, his claim – that he cannot protect himself in prison because of his medical conditions - is not factually and legally complex or exceptional such that appointment of counsel would be warranted. Accordingly, the motion for appointment of counsel to assist with preparation of a motion for compassionate release is DENIED.

    DONE this the 30th day of January 2025.

               **s / Kristi K. DuBose**
               **KRISTI K. DuBOSE**
               **UNITED STATES DISTRICT JUDGE**